**SLIMP et al. v. WISE COUNTY et al.**

No. 13394.

Court of Civil Appeals of Texas. Fort Worth.

June 5, 1936.

Rehearing Denied Sept. 4, 1936.

J. V. Patterson, of Decatur, for appellants L. C. Slimp and C. B. Cross.

C. T. Gettys and H. G. Woodruff, both of Decatur, for appellants Jeff Fox, Mrs. Albert Fox, and Tom Fox.

W. K. Sampson and Jennings C. Brown, both of Decatur, for appellees.

SPEER, Justice.

This suit grows out of a contract made by the commissioners' court of Wise coun-

ty with Jeff Fox to collect delinquent taxes due the county and state.

Wise county and the state of Texas are plaintiffs, and L. C. Slimp, the assessor-collector of taxes for the county, C. B. Cross, a former tax collector, Jeff Fox, Mrs. Albert Fox, and Tom Fox are defendants. The last two named defendants are shown to be the sureties on the bond of Jeff Fox. We shall refer to the parties as plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs alleged defendant Jeff Fox, on October 10, 1934, entered into a contract with the commissioners' court of Wise county for the purpose of collecting delinquent taxes due the county and state, and that by the terms of the contract he was to receive 15 per cent. of all delinquent taxes collected as a result of his efforts, between November 1, 1934, and December 31, 1935, and that said 15 per cent. was to be paid out of penalties and interest collected on said delinquent taxes, and that no part of his commissions were to be paid out of the taxes. That under the contract defendant Jeff Fox had been wrongfully and illegally paid by defendant Cross the sum of $93.29 and by the defendant Slimp the sum of $4,400.86, a total of $4,-494.15.

It was alleged that the contract under which these payments had been made to Fox was illegal and void for the reasons: (1) The commissioners' court of Wise county did not give to the county attorney of that county thirty days' written notice to file tax suits, and that the county attorney did not fail to do so; (2) the said Jeff Fox is and was not an attorney at law duly licensed to practice law, and was therefore incompetent to make the purported contract; (3) because the purported contract contained the provision, "should any remission of penalty and interest on taxes appearing on the delinquent records made by legislature enactment effective during the period of this contract the same shall not be collected nor commission allowed thereon."

Prayer was for judgment against defendant Cross for $93.29 and against defendant Slimp for $4,400.86, and against Jeff Fox and his sureties, jointly and severally, for $4,494.15, and for cancellation and rescission of the contract, costs of suit, and general relief.

A copy of the contract, under which it was alleged the moneys sued for were illegally paid and collected, was attached to plaintiffs' petition, by which it is recited that the commissioners' court of Wise county, after having given to the county attorney thirty days' written notice to file delinquent tax suits and upon his failure to do so, did, on the 9th day of September, 1930, enter into a contract with one R. M. Buck for collection of delinquent taxes in Wise county; that the collection of said taxes was incomplete, and that Buck was desirous of assigning his contract to Jeff Fox; that Fox was willing to either carry out the Buck contract or to enter into a new contract with the plaintiffs and cancel the old one; that it was deemed expedient and necessary by the commissioners' court of Wise county and the Comptroller of Public Accounts of Texas to enter into a new contract with some competent person to enforce the collection of delinquent taxes, together with interest and penalties due the county and state, for a per cent. of the taxes, penalties and interest actually collected and paid to the collector of taxes as provided in chapter 21, Acts of the Third Called Session of the Thirty-Eighth Legislature, article 7335, Rev. Civ. Statutes 1925; Chapter 8, Acts Fourth Called Session of the 41st Legislature, article 7335a, Vernon's Ann. Civ. Statutes, and chapter 229, Acts of the 42d Legislature, article 7264a, Vernon's Ann. Civ. Statutes. The preamble to the contract further provided that after an investigation by the commissioners' court into the experience and ability of Jeff Fox, as to his fitness for the work, it was determined he was a proper person to take charge of the enforcement of the collection of such delinquent taxes by the preparation, filing, and pushing to a speedy conclusion, all suits for the collection thereof. This preamble was followed by the terms of the contract, the parts of which we think material to a disposition of this case we shall later have occasion to point out.

The defendants answered by a general denial and by special pleas; that the contract theretofore existing between the commissioners' court and R. M. Buck provided for the payment by the county and state of 33⅓ per cent. of all taxes, interest, and penalties collected by him, and the commissioners were anxious to terminate the contract and induce defendant Fox, who had theretofore aided and assisted the said Buck in the latter's contract, to procure an assignment of it, and that in consideration of its cancellation the plain-

-tiffs would enter into a contract with him to pay 15 per cent. of such delinquent taxes, interest, and penalties and extend the old contract so as to cover a greater period of time; that Fox did procure for a valuable consideration the assignment to him of the contract from Buck, and pursuant to the agreement the contract sued on was made.

Defendants Slimp and Cross further alleged that it was the duty of the commissioners' court to comply with all laws requisite to entering into a valid contract with Fox, and they relied upon the proper performance of that duty.

All the defendants pleaded that the members of the commissioners' court well knew that neither R. M. Buck nor defendant Jeff Fox was an attorney, but were employed because they were considered capable and suitable persons to perform the duties enjoined upon them; that the county attorney of Wise county was consulted and advised with by the county commissioners prior to and at the time of the execution of the contract with Fox, and that he advised and sanctioned the making of said contract and thereby waived any notice that may have been required by law to be given him; that the form of the contract made with Fox was one prescribed by the Attorney General's department and was such as was in general use throughout the state, and when executed was approved by the Attorney General of the State and the Comptroller of Public Accounts of the State; that the plaintiffs were estopped to deny the validity of said contract; that all payments made by the defendants Slimp and Cross were sanctioned and approved by the comptroller as required by law.

The defendants Slimp and Cross prayed for judgment over against defendant Fox for any amount they should be required to pay in satisfaction of any judgment rendered against them, and defendant Fox specially pleaded, in the alternative, that, if for any reason the contract should be found void and he should not be entitled thereunder to receive and retain the money sued for, he had performed a valuable service for plaintiffs at their special instance and request, and his services were worth the amounts so received by him, and upon quantum meruit he was entitled to all such sums of money theretofore received.

The case was tried to the court without the intervention of a jury, and judgment was rendered for plaintiffs against defendants L. C. Slimp, Jeff Fox, Mrs. Albert Fox, and Tom Fox, jointly and severally, for $4,400.86, and against defendants C. B. Cross, Jeff Fox, Mrs. Albert Fox, and Tom Fox, jointly and severally, for $93.29, each amount to bear interest at 6 per cent. per annum from the 20th day of August, 1935, and for all costs of suit. The court further decreed that L. C. Slimp and C. B. Cross recover against their codefendants judgment for all sums of money which they are respectively required to pay to plaintiffs on the judgment. The contract was held to be void and was canceled.

From this judgment the defendants have perfected their appeal to this court, presenting eight assignments of error, covering each of the three conclusions of law filed by the court upon which he based the judgment. They also assign as error the refusal of the trial court to hear the testimony of defendant Fox on his plea of quantum meruit.

The duties of the commissioners' court in the respective counties of this state are many. Among the duties required of it is to look after the financial affairs of the county, and it is clothed with power to levy and cause to be assessed and collected sufficient taxes to pay certain expenses of the county government, along with its pro rata part of the governmental expenses of the state. Too much cannot be said in commendation of those branches of our government commonly known as the "commissioners' court" of the respective counties in their efforts to see that the duties enjoined upon them have been properly performed.

It is a matter of common knowledge that large sums of money in delinquent taxes are owing to the counties and the state. In many instances these taxes are owing by persons and corporations who are able to share their proportionate part of the governmental expense, and that it requires a special effort on the part of those clothed with proper authority to compel them to pay. This court is not here concerned with the wisdom of laws enacted by the Legislature to enforce the performance of duty by such persons. Whether it is the duty of the regularly elected, qualified, and acting collector of taxes to perform this unpleasant task, or that it should be performed by some suitable person employed by the commissioners' court at an expense in addition to the amounts paid to the regular collectors, is

a matter which has no place in our deliberations as to the issues presented in this case.

Article 7335, Rev.Civ.St., and articles 7335a, 7336d, and 7264a, Vernon's Ann. Civ.Statutes, contain the laws which govern and control the rights of the parties to this suit, and it becomes our duty to construe the intent and meaning of their respective provisions.

■ It is the duty of the county attorney of each county to file suits to enforce the payment of delinquent taxes, upon request of the commissioners' court, and he, along with all other officers whose duty it is to file and prosecute such suits for the use and benefit of the county and state, are subject to criminal prosecution if they fail and refuse to perform that duty. Penal Code, art. 412. It does not follow, however, that it is the duty of the county attorney to ascertain if there are such delinquent taxes or to determine if suits are necessary for the collection of any taxes that have become delinquent.

Article 7335, Rev.Civ.Statutes 1925, passed in 1923, provides, as applicable to the case before us: "Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected. * * * It shall be the duty of the county attorney * * * to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made as hereinabove specified."

Article 7335a, Vernon's Ann.Civ.Statutes enacted in 1930, reads: "No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. Provided however the County or District Attorney shall not r ceive any compensation for any services he may render in connection with the performance of the contract or the taxes collected thereunder."

The facts developed upon the trial show indisputably that on June 10, 1929, and as amended on September 9, 1930, the commissioners' court of Wise county had entered into a contract with one R. M. Buck under the terms and provisions of article 7335, Rev.Civ.Statutes, to aid in the collection of delinquent taxes due the county and state. The commissioners were anxious to terminate that contract because they considered it too liberal to Buck. The defendant Fox had been working with and for Buck under the latter's contract, and Buck having moved out of the county, defendant Fox was induced by the commissioners to procure an assignment of the Buck contract, with the understanding that when so assigned the contract should be terminated and one similar to that actually executed with Fox would be made.

■ Article 7335, Rev.Civ.Statutes, as we have seen, provides that after the commissioners' court has given to the county attorney thirty days' written notice to file suits for delinquent taxes and he has refused to do so, a contract can be made with another attorney for that purpose. In view of this provision, it would follow these requisites must appear before the commissioners' court is authorized to employ another attorney. Cameron et al. v. Earnest et al. (Tex.Civ.App.) 34 S. W.(2d) 685, 687, writ dismissed. The written notice to the county attorney was not given in this case, and, naturally, he did not "refuse" to comply with such a request. It was alleged by defendants and proven conclusively, we think, that prior to making the contract with Fox, the advisability of making such a contract was discussed by members of the commissioners' court with the county attorney, and that by his words and acts he assented to it, thereby waiving the necessity of the statutory thirty days' notice in writing—a thing we hold he had the legal right to do. It is a well-settled rule of law in this state that as a general thing a party may waive any formal prerequisite incident to the consummation of an agreement not forbidden by law, thereafter entered into. It is said in Corpus Juris, vol. 67, p. 292, § 1: "Waiver—The act of waiving or not insisting upon some right, claim or privilege."

It was said in Sovereign Camp, W. O. W. v. Nigh (Tex.Civ.App.) 223 S.W. 291,

292: "A waiver is the relinquishment of some right by word or conduct."

If this notice had not thus been waived by the county attorney, the commissioners' court would have had no just grounds for contracting with another. By the terms of the contract and under the provisions of article 7335, Rev.Civ.Statutes, the county attorney lost nothing in the way of fees of office, nor was he deprived of the privilege of performing all the duties encumbent upon him as such officer, but upon the other hand was relieved of a great deal of detail work in procuring the data necessary for the filing and prosecution of such cases; with these things in view, it is not difficult to see why the county attorney would waive the formalities of a thirty days' written notice, reserving the right, however, to file and prosecute such suits as were necessary for the enforcement of the collection of delinquent taxes and to collect the fees for such services. The statute last above mentioned provides that, after a contract has been made with another attorney, "it shall be the duty of the county attorney * * * to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made as hereinabove specified; provided that where any district or county attorney shall fail or refuse to file and prosecute such suits in good faith, he shall not be entitled to any fees therefrom." It is not inconsistent with the law, in cases like this, for the county attorney to waive the thirty days' notice and yet reserve unto himself the right, as was his duty, to file and prosecute to conclusion all such suits necessary for the enforcement of delinquent tax collection. We hold the contract was not void because of the failure to give the statutory notice to the county attorney in view of his waiver thereof. We therefore sustain defendants' first assignment of error.

By assignments of error 2 and 3, defendants challenge the action of the trial court in holding the contract void because Jeff Fox was not an "attorney." We have seen that when the commissioners' court shall have given thirty days' notice in writing to the county attorney to file delinquent tax suits, "and his failure to do so," and the court should deem it advisable or expedient, the court may contract with any competent attorney to enforce or to assist in the enforcement of the collection of delinquent taxes due the county and state. We do not construe the provision for the employment of an attorney at law for the purposes mentioned to mean that under proper conditions no other kind of person than an attorney at law could be employed. The several legis-lative enactments herein cited were intended to aid the commissioners' court of the several counties to enforce the collection of delinquent taxes, but in no way to interfere with the very broad powers of discretion given them in matters over which they have jurisdiction, such as the enforced collection of delinquent taxes.

It was said in the case of Cameron v. Earnest, supra: "Where the commissioners' court acted upon a matter within its power and jurisdiction, in the absence of fraud, no court has the right to set its decision aside. It is final and free from controversy. No other court has the right or power to interfere with or control the discretion of such court." Citing a dozen or more decisions from this and other states.

No question of fraud is involved in the case before us. The county attorney waived the thirty days' previous notice, but did not then, nor did he ever, in so far as the record shows, fail or refuse to file and prosecute suits to enforce the collection of delinquent taxes. It is made his duty to perform this service, and we hold that from the wording of the statute, until he shall have failed or refused to file and prosecute such suits, the necessity of the employment of another attorney for that purpose has been obviated, and the court is left to employ any suitable person deemed competent to do the things encumbent upon him under the provisions of the several cumulative acts so passed by the Legislature to aid in the enforcement of the collection of delinquent taxes. The record discloses that the form of the contract entered into was one prepared by the Attorney General's department to be used throughout the state, and since conditions are different in the respective counties, many provisions are contained in the contract to meet the needs of each, and perhaps accounts for some of the provisions in regard to the person so employed to file and prosecute suits for delinquent taxes, as compared to those found elsewhere, such as paragraph 5, "Second party shall prepare or aid and assist the County or District Attorney in preparing all petitions, citations, notices by publication, personal service citations, notices by post-

ing, judgments, notices of sale," etc. We find nothing in the contract which would supplant the duties of the county attorney with that of the person so employed by the commissioners' court. The contract made with defendant Jeff Fox does not indicate that he is an attorney; the facts proven show the commissioners' court knew he was not an attorney at the time he was employed. The Attorney General and Comptroller of Public Accounts have approved the tax collector's reports showing commissions paid under the contract. The rulings of these departments on matters within their respective jurisdictions, while not binding upon the courts, yet they are highly persuasive, and when not in conflict with some other rule of law, should be respected.

The case of Rusk County v. Maloney (Tex.Civ.App.) 38 S.W.(2d) 868, 871, cited by plaintiffs (appellees here), is against their contention. In that case the court had before it the determination of the validity of a similar contract to that under consideration here. Rusk county had contracted with a man who was not an attorney to aid and assist in the collection of delinquent taxes. The commissioners' court took its authority to so contract from article 7335. The reasons assigned by that court for upholding the contract would be more applicable in the case we have than they were in the one discussed by the court, for the reason here we have a county attorney ready and willing to file and prosecute suits when properly commanded to do so. The defendants in the case at bar pleaded, and introduced proof to support the plea of, estoppel. In this connection, the court said in the Rusk County Case:

"The appellant, though, further points out that the commissioners' court is authorized to contract only with an 'attorney' to enforce or assist in enforcing the collection of the delinquent taxes, and that Mr. Standard was not an attorney. Article 7335. That is only one added method to the line of general authority of providing assistance in collection of delinquent taxes, and is not intended to be the only and exclusive authority such court may exercise in respect to enforcing the collection of delinquent taxes. That article of statute contains no words of exclusion of any other method or means of collection. The article provides no further than that, should the commissioners' court 'deem it necessary or expedient,' they 'may con-

tract with any competent attorney' to enforce collection through 'suits' or judicial proceedings. Summary proceedings nor personal solicitation as means for collection were not therein dealt with at all. Therefore the exercise of discretion in the selection and appointment of a person who is not an attorney to enforce or bring about collection otherwise than through judicial proceedings would, as properly held by the trial court, at most be merely an 'irregular' exercise of authority of selection and appointment in furtherance of the authorized purpose.

"Therefore, concluding that there is no express or implied prohibition of law against the county government's entering into the contract in evidence, can estoppel, in view of the contract and the facts, be invoked against the county government? It is believed that in so holding the trial court has correctly ruled. In the facts the county is in the attitude of suing to recover back from the tax collector the contract price which by order of the commissioners' court has been once actually paid over to Mr. Standard under his contract and in complete performance thereof. The tax collector manifestly would suffer injury by the denial of such pleaded rule of law. It is the settled rule in this state that estoppel may be invoked against a county where the power to contract exists and is irregularly exercised. Grimes County v. Slayton & Co. (Tex.Civ.App.) 262 S.W. 209. The case of Flowers v. Logan County, 138 Ky. 59, 127 S.W. 512, 137 Am.St.Rep. 347, deals with thoroughness with the aspect of estoppel of a county where there is an illegal expenditure for a legal purpose. A very similar case is Clark v. Logan County, 138 Ky. 676, 128 S.W. 1079."

For the reasons shown, we hold that the trial court erred in holding the contract void and in canceling it because the defendant Jeff Fox was not an attorney. We therefore sustain the assignment presenting the question.

This brings us to a consideration of the third conclusion of law found by the trial court. It reads: "I further conclude that all moneys paid out under this contract to the said Jeff Fox for delinquent taxes collected, during the time the Legislature had remitted the penalty and interest on delinquent taxes was illegally paid out by the Assessor and Collector of Taxes of Wise County, Texas."

The defendants have duly assigned error to this conclusion. The contract is replete with provisions for the many duties to be performed by defendant Jeff Fox, such as a comparison of the tax rolls and properties with a view to detecting double renditions, over valuations, and ascertaining the names and addresses of those against whom delinquent taxes appeared on the tax rolls, complete the abstract system already begun, and in several places it is made clear that he is to collect and cause to be collected delinquent taxes, penalties, and interest thereon; that his compensation shall be 15 per cent of all such taxes, penalties, and interest so collected by him or caused to be collected by his efforts.

The latter part of paragraph 7 of the contract reads: "The per cent of compensation here referred to shall be contingent upon the collection of such taxes as by act of the Legislature are required to be collected. Should any remission of penalty and interest on taxes appearing on the delinquent records be made by legislative enactment effective during the period of this contract the same shall not be collected nor commission allowed thereon."

That part of the contract quoted seems to be the basis for the holding by the court that since the moneys paid to defendant were for taxes collected during the period of time in which the Legislature had remitted the penalties and interest, no commissions were collectible, and having been paid out by the collectors, should be recovered back by the plaintiffs.

During previous years, especially in 1932 and 1933, the Legislature had passed laws temporarily suspending the necessity of taxpayers being required to pay interest and penalties, as an inducement to accelerate collections. The contract in question was made on the 10th day of October, 1934, and the commissioners' court perhaps contemplated similar legislation would be enacted pending the contract and inserted the quoted clause. The 4th Called Session of the 43d Legislature, c. 5, p. 16 (Vernon's Ann.Civ.St. art. 7336d), did in fact pass the contemplated interest and penalty moratorium for delinquent taxes if paid prior to March 15, 1935; this act became effective February 10, 1935. We do not construe the language used in the quoted part of the contract to mean that if the tax be collected as a result of the efforts of the special collector during the period of time in which penalties and interest are remitted, he would not be entitled to the commissions on taxes collected or caused by him to be collected. The language used is only such as would relieve him from collecting the interest and penalties on those taxes in compliance with other parts of his contract whenever he was required to do so. We do not believe, from the language used, it was intended by the parties that the collector should receive nothing for his services in the event the Legislature should remit the penalties and interest. A fair construction of the language used, it occurs to us, refers only to the collection of interest and penalties as well as commissions thereon, in case a moratorium on penalty and interest should be declared. We believe, and so hold, the court erred in his construction of the provision in the contract and sustain the defendants' assignment thereto.

In the view we take of this case, it becomes unnecessary for us to discuss the remaining assignment of error to the court's act in refusing to permit the defendant Fox to testify as to the value of his services rendered under his plea of quantum meruit.

We conclude that the court erred in his conclusions of law as herein discussed, and that judgment was improperly rendered for plaintiffs when it should have been for appellants.

The judgment of the trial court is therefore reversed, and here rendered for the defendants.