This Opinion
Overrules Opinion
# O-665 in part.

NO. 3105

A county attorney is not enti-
tled to collect commissions un-
der Article 335, R. C. S. when
he collects delinquent personal
property taxes without filing
suit.

CFFICE OF THE ATTORNEY GENERAL

October 21, 1940

Honorable James C. Gilliland
County Attorney
Deaf Smith County
Hereford, Texas

Dear Sir:                                    Opinion No. 0-2410

Your request for opinion has been received and
carefully considered by this department.  We quote from
your request as follows:

"In case the Commissioner's Court, after
personal property taxes have become delinquent,
instructs the County Attorney, by its order, to
'collect' said taxes, and turns said taxes over
to said County Attorney with instructions to him
to so collect said taxes, and the County Attor-
ney, through his efforts, collects the taxes
without filing suit for the collection thereof,
then is the County Attorney entitled to the com-
missions provided for in Art. 335, 1925 R.C.S.?"

Article 7332 of Vernon's Annotated Texas Civil
Statutes reads, in part, as follows:

"The County or District Attorney shall rep-
resent the State and County in all suits against
delinquent tax-payers, . . ."  (Underlining ours)

The court in the case of Slimp v. Wise County, 96 S. W. (2d) 537, stated as follows:

"It is the duty of the county attorney of each county to file suits to enforce the payment of delinquent taxes, upon request of the commissioners' court, and he, along with all other officers whose duty it is to file and prosecute such suits for the use and benefit of the county and state, are subject to criminal prosecution if they fail and refuse to perform that duty."

Article 7335, Vernon's Annotated Texas Civil Statutes, reads, in part, as follows:

"Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, . . ."

Article 7297, Vernon's Annotated Texas Civil Statutes, reads, in part, as follows:

"The district or county attorney of the respective counties of this State, by order of the commissioners court, shall institute suit in the name of the State for recovery of all money due the State and county as taxes due and unpaid on unrendered personal property. . ."

Article 335, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the State or for any county. This article shall also apply to money realized for the State under the escheat law."

We quote from 34 Texas Jurisprudence, pages 508, 509, and 511, as follows:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary and the other not, the latter construction should be adopted. . ."

"As hereinbefore stated, the compensation of public officers, is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled."

We quote from an opinion of this department, written by Honorable R. V. Davidson, Attorney General of Texas, dated October 18, 1905, pages 240-241, 1906-02-10, Reports of the Attorney General of Texas, as follows:

"If the commissioners' court directs the county attorney to enforce the collection of taxes delinquent upon an assessment of personal property only, then I think that under Article 297 (now Art. 335) of the Revised Civil Statutes, the county attorney would be entitled, as compensation for the collection of such taxes as he may collect by suit, whether or not the suit proceeds to final judgment, to ten per cent upon the first one thousand dollars collected in any one case, and five per cent on all sums over one thousand dollars.

"The county attorney's compensation for the collection of taxes, is therefore, as follows:

". . .

"3. For collection by suit of taxes delinquent upon an assessment of personal property only, the county attorney is entitled to ten per cent of the first one thousand dollars collected in any one case and five per cent on all sums in excess thereof, whether the taxes are collected during the pendency of the suit and before judgment, or after judgment. But he is not entitled to any compensation for the collection of these taxes if collected without suit." (Brackets and underscoring ours)

Also see Conference opinion of this department, dated May 31, 1913, written by Honorable W. A. Keeling, Assistant Attorney General (later Attorney General) and printed in 1912-14, Reports of the Attorney General of Texas, pages 223-4, which holds that a county attorney is not entitled to compensation in delinquent tax suits until suit is brought.

We quote from an opinion of this department, dated March 1st, 1916, written by Honorable John C. Wall, Assistant Attorney General, printed in 1914-16, Reports of the Attorney General of Texas, pages 648-652, inclusive, as follows:

"A very good reason for not making provision for fees to county attorneys in delinquent tax matters until suits have been filed is, that the district or county attorney does not perform any services in connection with the collection of delinquent taxes until suits are filed. In fact the statute nowhere imposes any duty upon district or county attorneys in reference to the collection of delinquent taxes, except to 'represent the state and county in all suits against delinquent taxpayers.'" (Underlining ours)

This department held in a conference opinion dated February 12, 1921, written by Honorable L. C. Sutton, Assistant Attorney General, that a county attorney was entitled to a commission, under Article 363 of the Revised Civil Statutes of 1911 (now Art. 335) for collections of delinquent taxes on personal property collected by virtue of authority vested in him by Article 7661 of the Revised Civil Statutes of 1911 (now Art. 7297) and that the compensation of the county attorney, under Articles 7083a and 7691 of the Revised Civil Statutes of 1911, did not apply to such collections of taxes upon personal property, said articles relating only to delinquent taxes upon lands and lots.

This department held in a conference opinion written by Honorable L. C. Sutton, Assistant Attorney General, dated April 6, 1921, that the county attorney was not entitled to commissions under Article 363, of the Revised Civil Statutes of 1911, (now Art. 335) on money collected for the county in a suit which it was not the duty of the county attorney to bring in behalf of the county. We quote from said opinion as follows:

". . . There is no constitutional or statutory provision making it your duty to bring such a suit. That being true, you, as county attorney, are not entitled to any commissions under Article 363, (now Art. 335). The commissions therein provided for are for services rendered in the collection of money by the county attorney in the performance of duty required of him by law. The county attorney is not entitled to the commissions provided by Article 363 (now Art. 335) upon moneys which the law does not require him to collect. A county officer claiming compensation or fees must be able to show not only that the services were performed for the duty as such, but also a statute or constitutional provision authorizing compensation for the particular services in question . . . citing the following authorities:

"15th Corpus Juris, 496
"Ellis County vs. Thompson, 95 Tex, 22
"64 S.W. 927, 66 S.W 48

"Wharton County vs. Ahldog, 84 Tex. 12,
19 S.W. 291
"State vs. Moore, 57 Texas 307"

No material changes have been made in the statutes since any of the above mentioned opinions were written that would affect or change the conclusions therein announced.

Opinion No. 0-938 of this department, rendered June 29, 1939, addressed to you, holds that the right of the county attorney to commissions under Article 335, R. C. S. 1925, in delinquent tax suits covering personal property, only attaches upon the filing of suit. This opinion also holds that the commissioners' court is not authorized to contract with or pay to a county attorney a percentage of delinquent taxes collected.

The tax collector is primarily charged with the collection of taxes, real and personal, both current and delinquent, and he does all necessary work in the preparing of the lists, sending out notices and other preliminary work preparatory to the filing of a suit by the county attorney for which services the law provides certain fees to be allowed the tax collector.

We know of no statute or article of the Constitution which makes it the legal duty of the county attorney to write letters to delinquent taxpayers requesting payment of delinquent taxes or attempt in any way, prior to bringing suit, to collect such taxes at the instance of the commissioners' court. When the tax collector has exhausted his remedies and the commissioners' court requests action from the county attorney the only legal duty involved upon the county attorney is the legal duty to file suit and prosecute same. Since his legal duty only begins with the filing of the suit, it follows that his right to compensation under Article 335 would not attach until suit was filed and collection made.

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the negative, and it is so answered.

We have also reached the conclusion that our holding in Opinion No. 0-665 in answer to question No. 3 propounded therein, to the effect that a county attorney would be entitled to commissions under Article 335, R.C.S., for collecting money from a defaulting county treasurer without suit is erroneous.

We quote from 15 Texas Jurisprudence, pages 402-3-4, which contains an analysis of Article 339, R.C.S., as follows:

"'When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safekeeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interests.' (Art. 339, R.C.S.)

"This statute not only confers a power, but imposes a duty upon the district or county attorney to perform the acts therein specified. He has no power to bind the state by compromising the suit. The proceeding may be brought by the county attorney in the name of the county or, if a recovery of state funds is sought, in the name of the state, since the constitution authorizes him to represent the state, and the statute above set forth covers 'any public funds.'

"To authorize a suit under the statute, it must appear that the action is brought against one 'entrusted with the collection' of public funds, or 'with the safekeeping of any public funds.' This sufficiently appears where the action is upon the bond of a county treasurer or collector to compel an accounting for money in his hands belonging to the state or county. On the other hand, the statute has been held not to apply to a suit to recover back money authorized by the commissioners' court to be paid out of county funds to an attorney retained by them to represent the county, or to enjoin further payments on such retainer, or against a county judge or other officers for money appropriated as salary from county funds in the custody of the treasurer, or against a commissioners' court and county clerk to restrain them from permitting county officials to pay for postage stamps out of county funds.

"Proceedings for the recovery from a sheriff of money collected on a forfeited recognizance have been held to be within the authority of the district attorney and part of his duty. For this purpose, he may take a motion in the name of the state for judgment for the benefit of a county entitled to the money. The county attorney has been held to have no authority to intervene for the county or state in a suit against a city to enjoin it from enforcing an ordinance."

The case of State vs. Bratton, 192 S.W. 814, holds that the county attorney has authority to institute proceedings, to-wit, to file a suit, for the collection of money against a defaulting tax collector and is entitled to the statutory commission for collecting same by suit.

The term "proceedings" has been defined by the courts in many instances. We quote the following:

"A 'proceeding' is a 'suit' or 'judicial action' involving rights of persons or of property, and includes the course of steps or measures taken in the prosecution of actions at law." Jackson vs. Jackson, 14 NE 2nd 276, 278, 279, 294 Ill. App. 508.

"The word 'proceeding' is generally applicable to any step taken by a suitor to obtain the interposition or action of a court." In Re Hoagland's Estate, 258 NW 553, 128 Neb. 219.

"The term 'proceedings' means all the steps or measures adopted in the prosecution or defense

of an action." Statter vs. U.S., C.C.A. Alaska, 66 F. 2nd 819.

"'Proceeding' in enforcement of a civil right is a prescribed mode of action for carrying into effect a legal right." In re Schorer's Estate, 277 N.Y.S. 677, 154 Miss. 198.

"In its general acceptation, 'proceeding' means the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them, of opposing judgments, and of executing." U.S. vs. French Sardine Co., C.C.A. Wash., 80 F. 2nd 325, 326.

It is our opinion that the language in Article 339, R.C.S., "he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interest" mean that the county attorney shall institute such legal proceedings as may be necessary, such as filing suit to recover money due the county, the institution of removal proceedings in court to remove errant officers from office, to make motions in court in the name of the state against sheriffs for the recovery of money collected by the sheriff on a forfeited recognizance, to institute appropriate criminal proceedings, and perhaps in some instances to maintain appropriate mandamus and injunction suits. We think the term "institute proceedings" means that the county attorney should institute all appropriate legal actions, suits and motions and does not contemplate any lesser thing than "legal action" and certainly does not contemplate negotiations, settlement and efforts to compromise prior to filing suit or instituting legal proceedings. In the case of collecting money from a defaulting treasurer, we think the institution of proceedings required by the county attorney contemplates the filing of a suit to collect same.

It is the duty of the county attorney to file suit to collect money due the county from a defaulting county treasurer. The law does not require the county attorney to collect or attempt to collect the money prior to filing suit.

It is our opinion that the county attorney is not entitled to commissions under Articles 335 and 339, R. C. S., for collecting money from a defaulting county treasurer, unless and until suit is filed by the county attorney. Opinion No. O-665 of this department insofar as it conflicts herein is hereby expressly overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:ew

This opinion has been considered in conference, approved, and ordered recorded.

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS