

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 15, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. M-808

Re: Whether waiver of
notice and rights
to file tax suits
by county attorney
in connection with
tax contract let
to another attorney,
operated as a waiver
of such rights as
to any such contract
made in the future.

Dear Mr. Calvert:

Your letter of date February 25, 1971, is quoted in full as follows:

"On January 1, 1969 a contract for the collection of delinquent ad valorem taxes was awarded to an attorney by the Commissioners Court of Hardin County. The duration of the contract was for the two year period beginning January 1, 1969 and extending through December 31, 1970, and was approved by the Attorney General and Comptroller as required by Article 7335a, V.A.C.S. The contract contained a waiver from the County Attorney with regard to the 30-day notice required by Article 7335.

"At the termination of the above mentioned contract, a new contract was awarded to a different attorney and the same County Attorney has refused to grant a waiver of his rights in this instance, holding himself out as ready and willing to file and prosecute delinquent tax suits to a conclusion. However, the Hardin County Judge contends that a new waiver is not necessary, inasmuch as the County Attorney had signed a waiver some two years earlier in connection with the prior contract.

"Your official opinion is respectfully requested whether the new contract should be approved, as provided by Article 7335a, in view of the County Attorney's refusal to waive the necessity of the 30-day notice as required by Article 7335."

Article 7335, Vernon's Civil Statutes of Texas, in its relevant portion, reads as follows:

"Whenever the Commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, ..."

Article 7335a, Vernon's Civil Statutes of Texas, in its relevant portion, reads as follows:

"Section 1.  No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected.  Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. ...

"Section 2.  Any contract made in violation of this Act shall be void."  (Acts 1930, 41st Leg. 4th C.S. p. 9 ch. 8.).

It is readily apparent that the notice required in Article 7335 to be given to the county or district attorney is merely one prerequisite to the letting of a tax collection contract to another attorney.  Before the Commissioners Court is authorized to enter into such contract another statutory prerequisite must exist; namely, the failure or refusal of such county or district attorney to file such tax suits.

This failure or refusal may be manifested by words or acts. His mere assent to the letting of a contract for such services can operate as a waiver of this statutory thirty days notice to him, and of his right to file and prosecute such delinquent tax suits during the term of such contract. Slimp v. Wise County, 96 S. W. 2d 537 (Tex.Civ.App. 1936, no writ), and Cameron v. Earnest, 34 S.W.2d 685 (Tex. Civ. App. 1930, error dism.). Perhaps it should be pointed out here that the waiver executed by the county attorney of Hardin County in respect to the notice prerequisite of the January 1, 1969, contract, was a waiver of the required written notice and, as well, an assent to the letting of that contract for the enforcement of collection of delinquent State and County taxes to another attorney.

The problem raised by the present refusal of such county attorney to waive the thirty days written notice and his right to file and prosecute tax suits in respect to the period covered by the proposed new contract with an attorney other than the one contracted with in the expired contract, can be resolved only by the determination of this question:  did the subordination by the County Attorney of his rights to file tax suits to another attorney during the life of the first contract operate as a continuing surrender of such rights under any other such contract made during his tenure of such office?

It can hardly be disputed that Article 7335 requires notice and failure or refusal of the county or district attorney to act in response thereto, each time such a contract is entered into.  Furthermore, to waive his rights the county or district attorney must be in possession of knowledge of all the material facts concerning the right or privilege that he is to relinquish. Magnolia Petroleum Co. v. Butler, 86 S.W.2d 258 (Tex.Civ.App. 1935, error dism.). Thus, in regard to a certain contract proposed to be entered into with a certain attorney for a definite period of time, it is reasonable that his waiver was motivated only by such facts then known by the county or district attorney and not by unknown future contracts with other attorneys and for different periods of time.  In 60 Tex. Jur.2d 186, Waiver, Sec.5, it is said:

> "To constitute a waiver, the right or privilege alleged to have been waived must have been in existence at the time of the alleged waiver. ...A person cannot waive a right before he is in a position to assert it."  (underscoring added for emphasis)

It has been held that a waiver operates in praesenti and when intended to operate in futuro, it is merely an agreement to waive which requires consideration. Roberts v. Griffith, 207 S.W.2d 443 (Tex.Civ.App. 1948, error ref. n.r.e.) We find no indication in the wording of the waiver of the 1969 contract that any right accruing to the county attorney of Hardin County after the expiration of such contract was intended to be waived, neither do we find any consideration for any such future relinquishment of rights by the county attorney.

Hence, in view of the foregoing, it seems clear that the waiver of the county attorney of Hardin County contained in the tax contract of January 1, 1969, and the consequent surrender thereby of his rights and privileges to file and prosecute delinquent tax suits during the term of such contract, is not effective as to the new contract now under consideration by you, which was not in existence at the time of such waiver and the facts and circumstances thereof being completely unknown to such county attorney when he executed the waiver on the first contract.

Therefore, it is the opinion of this office, based on the facts herein discussed, that the contract now under consideration should not be approved for the reasons given herein.

## S U M M A R Y

The waiver of written notice to file and prosecute delinquent tax suits, executed by a county or district attorney in connection with a contract letting such duties to another attorney and containing such county or district attorney's assent thereto, does not operate as to any other such contract thereafter made with another attorney.  Article 7335, V.C.S., requires notice and failure or refusal of a county or district attorney to act in response thereto each time a contract of this nature is entered into.

The contract in question for the collection of delinquent state and county taxes entered into

Honorable Robert S. Calvert, page 5    (M-808)

by the Commissioners Court with another attorney
without notice to the County Attorney, in the
absence of his failure or refusal to act, as
required by Article 7335, V.C.S., should not
be approved.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

BY: NOLA WHITE
First Assistant

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Michael Stork
Sally Phillips
Harriet Burke
Phil Warner

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED Walker
Executive Assistant