**MORRISON et al. v. LANE.**

No. 3993.

Court of Civil Appeals of Texas. Beaumont.

Nov. 26, 1941.

Rehearing Denied Dec. 17, 1941.

Gerald C. Mann, Atty. Gen., Geo W. Barcus, Asst. Atty. Gen., Harold McCracken, Asst. Atty. Gen., and Glenn R. Lewis, Asst. Atty. Gen., for appellants.

Sam Lane, of Center, for appellee.

WALKER, Chief Justice.

This appeal invokes the construction of the following articles of our delinquent tax statutes.

Article 7264a: "Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected. * * *"

Article 7335: "Whenever the commissioners court of any county * * * shall deem it necessary or expedient, said court may contract with any competent attorney to enforce * * * the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, * * * but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest. * * *"

Article 7335a: "Sec. 1. No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. * * *"

Article 7336i, Acts 1941, 47th Leg., H. B. No. 76: "Sec. 1. That all interest and penalties that have accrued on all ad valorem and poll taxes that were delinquent on or before July 1, 1940, due the State, any county, common school district, road district, * * * shall be and the same are hereby released, provided said ad valorem and poll taxes are paid on or before November 1, 1941. * * *"

On authority of Article 7335, the Commissioners' Court of Shelby county, on the 26th day of April, 1941, entered into a written contract with appellee, Sam Lane, "to collect all delinquent taxes, penalty and interest due in Shelby County, Texas, except those due Independent School Districts and incorporated cities and towns; * * *." This contract was duly approved by the Comptroller of the State of Texas and the Attorney General of the State of Texas, on the 28th day of April, 1941, as provided by Sec. 1 of Art. 7335a. We give paragraph 8 of the contract: "First party (Shelby County) agrees to pay to Second party (Sam Lane) as compensation for the services hereunder required twelve per cent of the amount collected of all delinquent taxes, penalties and interest of the years covered hereby, actually collected and paid to the collector of taxes during the term of this contract. * * * Provided, cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or any amount equal to such penalty and interest of all delinquent taxes collected under the terms of this contract (Chapter 229, Section 2, Regular Session, 42nd Leg., having reference to the regular eight per cent penalty and six per cent interest). The per cent of compensation here referred to shall be contingent upon the collection of such taxes as by act of the Legislature are required to be collected. Should any remission of penalty and interest on taxes appearing on the delinquent records be made by Legislative enactment effective during the period of this contract, the same shall not be collected nor commission allowed thereon." In the execution of the contract, the parties complied with all the formalities of law; appellee executed the required bond, and entered upon the discharge of the duties imposed upon him by the contract.

After the execution of the contract, the Legislature duly enacted Art. 7336i, supra, releasing the interest and penalties on the delinquent taxes covered by appellee's contract with Shelby county, delinquent on or before July 1, 1940, if paid by November 1, 1941. With actual knowledge of the enactment of Art. 7336i, appellee entered upon the discharge of the duties of his

468

contract, and by September 30, 1941, under the provisions of his contract, had collected delinquent taxes to the amount of $36,910.97, on which his commissions amounted to the sum of $4,429.31. The total amount of interest and penalties collected by appellee, as a part of his total collections, was $887.38, which was duly paid to him by appellant, J. B. Morrison, the tax assessor-collector of Shelby county. On advice of the attorney general, appellant Morrison refused to pay appellee the balance of his commissions in the sum of $3,542.13. The advice of the attorney general to appellant Morrison was to the effect that appellee's commission could be paid only from the penalty and interest, and that no part of the commission could be paid from the taxes.

This suit was instituted by appellee against appellant Morrison, praying for a writ of mandamus, "requiring him to, by proper warrant or check, pay to Relator, Sam Lane, out of funds derived from delinquent taxes collected or caused to (be) collected by said Relator under the said contract the sum of $3542.13." By permission of the court and the agreement of all parties, the State of Texas intervened as a party respondent. On trial to the court without a jury, appellee was awarded a "writ of mandamus as prayed for," from which appellants Morrison and the State of Texas appealed to this court.

■■ On authority of Cherokee County v. Odom, 118 Tex. 288, 15 S.W.2d 538, the Attorney General concedes that the Supreme Court has held "that the Legislature can authorize the Commissioners' Court to make contract for the collection of delinquent tax and pay therefor out of each fund upon a pro rata basis. There is, therefore, no constitutional question involved, and we have not briefed this matter, and do not contend that the Legislature does not have the power to authorize a contract to be made. The only question involved is whether the Legislature has authorized the contract, and whether the Commissioners' Court has made the contract as claimed by Mr. Lane." In Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 139, 79 A.L.R. 983, our Supreme Court held that the power of the Commissioners' Court to make contracts under Articles 7335, 7333a, 7264a, supra, " * * * is subordinate to the general legislative power to impose, increase, dminish, or remit penalties for tax delinquencies, and the exist-

ence of such contracts, where taxes have neither been paid nor reduced to judgment, does not prevent the remission statute from being effective, and the delinquent taxpayer has the same right to pay his taxes without paying *penalties* and *interest* (so-called) that he would have had such contracts never been made." So, by virtue of Art. 7336i, the delinquent taxpayers of Shelby county had the right to pay their delinquent taxes without the payment of the penalty and interest, notwithstanding appellee's contract. It follows that the sole question presented by this appeal is whether the delinquent statutes quoted above authorized the Commissioners' Court to contract to pay appellee a commission out of the taxes, and whether his contract gave him a commission out of the taxes, after the effective date of Art. 7336i.

Appellants' points on appeal present the same propositions of law submitted by the Attorney General to appellant Morrison, and upon which he acted in refusing to pay appellee the full amount of his commissions.

It is our conclusion that the lower court correctly construed the delinquent tax statutes under which the contract in issue was made. Article 7335 authorized a contract "for a per cent on the *taxes, penalty* and *interest* actually collected." Since the interest and penalty were remitted, only the *taxes* remained from which appellee could be paid. Again, Article 7335 expressly provided that the payment to appellee should be contingent upon the collection of such *taxes, penalty* and *interest*. Appellee has collected *taxes* in the amount stated above. His contract authorized payment to be made to him from the *taxes* "actually collected."

■■ Article 7335a is nothing more than a limitation upon the power of the court in fixing the compensation of the attorney employed under the contract authorized by Article 7335. Section 2 of Article 7264a is nothing more than a provision to the effect that the cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected, that is, Art. 7264a empowered the Commissioners' Court to make a contract on the conditions therein stipulated, and no contention is made that when executed the contract was in violation of law. There is nothing in these articles to the effect that the

attorney employed to collect delinquent taxes shall be paid only from the interest and penalty due on delinquent taxes; had this been the intent of the Legislature, it would not have been provided by Article 7335 that the attorney could be paid "a per cent on the taxes."

■ Paragraph 8 expressly provided for the contingency that the Legislature might remit the penalty and interest due on delinquent taxes, in which event appellee would not receive a commission on the remitted penalty and interest, but his commissions would be paid from the amount of the delinquent taxes collected. The contract was in the very language of the statutes. Clearly, the Commissioners' Court intended that appellee should be paid his commissions from the taxes collected in the event the Legislature remitted the penalty and interest, and by approving the contract the Comptroller and Attorney General construed the statutes as authorizing the contract. In so construing these statutes and appellee's contract, the contracting parties, and the Comptroller and the Attorney General, followed the construction given them by the court in Slimp v. Wise County, Tex.Civ.App., 96 S.W.2d 537, where the very point at issue in the case at bar was ruled in favor of appellee, supporting his contract for the payment of his commissions out of the taxes; appellants' construction of these statutes was affirmatively overruled. This case was handed down in 1936, and Article 7336i was adopted in 1941. It must be presumed that the court in that case correctly voiced the legislative intent. Appellants say: "So far as the opinion of the court in that case discloses, the Slimp contract did not contain the sentence, 'Provided, cost of collecting delinquent taxes shall not exceed the amount of penalty and interest (Chapter 229, Sec. 2, Regular Session, 42nd Legislature, having reference to the regular 10% penalty and 6% interest.)" The distinction is not sound, in our judgment. If no statutory language had been used in the contract in the Slimp case, all pertinent statutes would have been read into the contract by force of law.

■ In support of their construction of the pertinent statutes, appellants ad-vance the following propositions: (1) "Such remission statutes are enacted for the purpose, in themselves, of bringing about the payment of delinquent taxes." This proposition, if conceded, is without weight in the construction of the statutes, as against appellee's contention. The statutes clearly authorized the contract, and in our judgment the payment of the commission from the taxes. There is no language in the tax remission article taking from the Commissioners' Court the power to contract for the collection of delinquent taxes, after its effective date. (2) "Under the county budget law, Article 689a-9, V.A. C.S., in making up its budget a county can look to the body of the tax as being something which the legislature could not remit. Not so as to penalty and interest." We are not able to give this proposition controlling effect. The very intent of the pertinent statutes quoted above, where a contract is outstanding for the collection of delinquent taxes, compels the county to make up its budget in view of the obligations imposed by the contract. (3) "The enactment of Article 7335a, limiting commissions to 15% had been brought about by occasional abuses under Article 7335. There had been contracts made for commissions as high as 50%." This proposition has no relation to appellants' theory of this case, that is that the Legislature did not intend to authorize the Commissioners' Court to pay an attorney a percentage of the delinquent taxes. (4) "Regardless of the effect of Article 7264a, the incorporation of such a limiting provision in such contracts might well be desired to simply avoid questions and controversies as to whether the attorney effected the collection and would be entitled to a commission or whether the collection was induced by the remission and not by any action on the part of the attorney." The simple answer to this contention is that the Legislature did not provide that the Commissioners' Court could pay the attorney only from the interest and penalty.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.