

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXDXXXXXXON~~
ATTORNEY GENERAL


Honorable Dewey S. Walker
County Attorney
Walker County
Huntsville, Texas

Dear Sir:    Attention: Hon. Robert B. Smither
           Assistant County Attorney

        Opinion No. O-4449
        Re: Whether delinquent tax attorney is
          entitled to commission for taxes
          collected from the Texas Prison
          System under his contract.

    We have your letter of March 28, 1942, requesting our opinion on the above question, and wish to thank you for the authorities contained in your letter.

    We quote the statement of facts set out in your letter:

    "The Texas Prison System became delinquent in its payment of taxes to Walker County on lands owned in said County. The attorney who had contracted to collect delinquent taxes for Walker County prepared and mailed to the prison management a statement of delinquent taxes due to the County. The prison management made application to the State Legislature for an appropriation with which to pay such taxes and the appropriation was made. When the appropriation became available, the taxes were paid, but no penalty and interest upon these taxes were collected."

    Your question is:

    "Is the contracting attorney entitled to his contract commission for collecting these taxes from the Texas Prison System?"

    We have examined the duplicate originals, on file in the office of the Comptroller of Public Accounts, of two contracts, one dated January 27, 1941, and the other dated January 1, 1942, between Walker County and A.T. McKinney, delinquent tax attorney. The last sentence of paragraph eight in each of said contracts reads as follows:

"Also, ad valorem taxes, delinquent, levied against State owned property for county and district purposes, the payment of which is to be taken care of by legislative appropriation provided for by statute, are excluded from the provisions of this contract."

In our opinion the above quoted provision of the delinquent tax contract expressly excludes from the taxes upon which the delinquent tax attorney is entitled to commission, those taxes paid by the Texas State Prison System by means of legislative appropriation. We find nothing in Articles 7335, 7335a, or 7264a, Sec. 2, or in the opinions of the courts in Slimp v. Wise County, 96 S.W. (2d) 537, or Morrison v. Lane, 157 S.W. (2d) 466, cited by you in your letter, which would tend to nullify the express provision of the contract quoted above. Your question is answered in the negative.

We enclose copy of letter of March 7, 1942, on this subject from Geo. H. Sheppard, Comptroller of Public Accounts, to Hon. A.T. McKinney, which sustains our views in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
Walter R. Koch
Assistant

WRK:AMM:wc

ENCLOSURE


APPROVED APR 8, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman