

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

October 8, 1949

Hon. James H. Moore
County Attorney
Angelina County
Lufkin, Texas

Opinion No. V-924.

Re: The inclusion of a percentage of the taxes collected, in addition to penalties and interest, in the compensation of a delinquent tax collection attorney.

Dear Mr. Moore:

You request the opinion of this office upon the question presented in your letter of September 5, 1949, as follows:

"On the 9th day of August, 1948, the Commissioners' Court of Angelina County entered into a delinquent tax collection contract with E. G. Aycock, calling for compensation in the amount of 15% of the amount of taxes, penalty and interest collected, and executed on the forms prescribed by the Comptroller's Department, which was thereafter approved by that department and by your department.

"Now the question has arisen as to whether or not the tax attorney is entitled to fifteen per cent of the amount of taxes, penalty and interest collected under the contract, or whether he is only entitled to the penalty and interest collected. Stated in another way, our question is this:

"Is the compensation of a delinquent tax attorney with a contract calling for 15% of the taxes, penalty and interest collected, limited in his compensation to the amount of penalty and interest collected, or may the tax attorney collect the full amount of 15% of all taxes, penalty and interest collected?"

The answer to your question involves the construction of the following statutory provisions:

Article 7335: "Whenever the commissioners court of any county . . . shall deem it necessary or expedient, said court may contract with any competent

attorney to enforce . . . the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, . . . but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest . . . ."

Article 7335a: "Sec. 1. No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. ..."

Article 7264a: "Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected . . . ."

Were it not for the apparent conflict between Section 2 of Article 7264a, V.C.S., and Articles 7335 and 7335a, V.C.S., quoted above, as to the maximum compensation for collection of delinquent taxes, the answer to your question would be simple. Article 7335 authorizes the commissioners' court to contract with a qualified attorney "for a per cent on the taxes, penalty and interest actually collected." Article 7335a is merely a limitation upon the power of the court in fixing the compensation of the attorney employed under a contract authorized by Article 7335. This limitation was deemed necessary by the Legislature to correct abuses that had grown up under the unlimited authority of Article 7335. White v. McGill, 131 Tex. 231, 114 S.W.2d 860 (1938).

The court in Morrison v. Lane, 157 S.W.2d 466 (Tex. Civ. App. 1941), considered this apparent conflict and held in effect that Article 7264a was not a limitation upon the authority of the Commissioners' Court to make a delinquent tax contract under the express terms of Articles 7335 and 7335a. The court said:

"Section 2 of Article 7264a is nothing more than a provision to the effect that the cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected, that is, Art. 7264a empowered the Commissioners' Court to make a contract on the conditions therein stipulated, and no contention is made that when executed the contract was in violation of law. There is nothing in these articles to the effect that the attorney employed to collect delinquent taxes shall be paid only from the interest and penalty due on delinquent taxes; had this been the intent of

the Legislature, it would not have been provided by
Article 7335 that the attorney could be paid 'a per
cent on the taxes.' "

We think that any question as to the conflict between
Article 7264a and Articles 7335 and 7335a is dispelled by Section
4 of Article 7264a which provides:

"This Act is not intended to change any law now
in effect regarding the collection of delinquent taxes,
but to be an aid to the officials in the discharge of their
duties . . ."

Article 7264a was enacted subsequent to Articles 7335 and 7335a.
By the express language of the latter article, the Legislature made
it clear that it did not intend to change any law then in effect in re-
gard to the collection of delinquent taxes. It declared that the pur-
pose of the Act was merely an aid to the officials in the discharge
of their duties in the collection of delinquent taxes. We therefore
conclude that there is no conflict between Article 7264a and Arti-
cles 7335 and 7335a.

The case of Morrison v. Lane, supra, constitutes suf-
ficient authority for the conclusion that a delinquent tax contract
made in accordance with the provisions of Articles 7335 and 7335a
may provide compensation for a percentage of the taxes, penalty,
and interest, all combined, provided said contract does not exceed
15% of such taxes, penalty, and interest, if it has the approval of
the Comptroller and the Attorney General.

The Commission of Appeals in Bell v. Mansfield Inde
School District, 123 Tex. 403, 129 S.W.2d 629 (1939) supports this
conclusion by the following language:

"By Article 7335, R.S. 1925, the commissioners
court of any county is authorized to contract with any
competent attorney to assist in the collection of state
and county taxes for a per cent of the taxes, penalty
and interest actually collected. By an Act of the 41st
Legislature, 1930, 4th Called Session, p. 9, ch. 8, this
right of contract was restricted and limited to not more
than fifteen per cent of the amount collected and the con-
tract was required to be approved by the Comptroller
and Attorney General. This last act appears in Vern-
on's Civil Statutes as Article 7335a. It is thus seen that,
when the contract in suit was executed a contract for
the payment of fifteen per cent of the amount collected
for the services of an attorney in collecting state and
county taxes was authorized."

Hon. James H. Moore, Page 4 (V-924)

It is apparent from the foregoing and we are of the opinion that the commissioners' court is authorized to make a delinquent tax contract with an attorney and provide compensation not to exceed 15% of the amount of taxes, penalty, and interest and that Article 7264a does not operate to limit this compensation.

## SUMMARY

The commissioners' court is authorized under Articles 7335 and 7335a, V.C.S., to contract with a qualified attorney for the collection of delinquent taxes for a compensation not to exceed 15% of the taxes, penalty, and interest collected, and this compensation is not limited by the provisions of Article 7264a to the penalty and interest on delinquent taxes or an amount equivalent to the penalty and interest.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
Assistant

LPL/mwb

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL