

# THE ATTORNEY GENERAL
# OF TEXAS

February 16, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary Garrison
Ector County Attorney
Room 218, Courthouse
Odessa, Texas    79761

Honorable Billy Ray Stubblefield
Williamson County Attorney
P. O. Drawer 1139
Georgetown, Texas    78627

Opinion No. (JM-857)

Re:    Whether    a    taxing
unit that contracts with
a private   attorney pur-
suant to section 6.30 of
the Tax Code    may impose
the    additional    penalty
of 15 percent authorized
by section 33.07    of the
Tax Code in    an instance
in    which      the    section
6.30    contract    provides
that the    delinquent tax
attorney    will    be    com-
pensated by a percentage
of less than    15 percent
(RQ-984)

Gentlemen:

You request an opinion on the   authorized expenditure
of penalties    imposed    pursuant to    section    33.07 of    the
Tax Code, which    permits    taxing    units    to    provide    that
delinquent ad valorem    taxes incur "an    additional penalty
to defray    costs of    collection" if    the    taxing unit    has
contracted with an attorney under section 6.30   of the Tax
Code.    See generally Attorney    General    Opinion   JM-285
(1984) (discussing circumstances under which section 33.07
penalty may be applied to delinquent taxes).    Section 6.30
of the Tax Code provides in part:

(a)   The county attorney or, if there   is
no county    attorney, the    district    attorney
shall represent    the county    to enforce    the
collection    of    delinquent    taxes    if    the
commissioners court does not contract with a
private attorney as    provided by    Subsection
(c) of this section.

.  .  .  .

> (c)   The governing body of a taxing  unit may contract with any competent attorney  to represent the unit to enforce the collection of delinquent  taxes.  <u>The  attorney's com-</u> <u>pensation is set  in the  contract, but  the</u> <u>total amount  of compensation provided  may</u> <u>not  exceed  20  percent  of  the  amount of</u> <u>delinquent  tax,  penalty,  and  interest</u> <u>collected</u>.   (Emphasis added.)

Tax Code §6.30; <u>see  also</u> Attorney General  Opinion JM-135 (1984) (neither  county  attorney  nor city  attorney  may enter into a contract  pursuant to section 6.30(c)  of the Tax Code).

Section 33.01 of the Tax Code establishes the penalty and interest imposed  on delinquent taxes.   Section 33.07 of the  Tax  Code  authorizes the  additional  penalty  as follows:

> (a)   A taxing unit or appraisal  district may provide, in the  manner required by  law for official action by the body, that  taxes that remain delinquent on July 1 of the year in which  they  become delinquent  <u>incur  an</u> <u>additional  penalty  to  defray  costs  of</u> <u>collection</u>,  if  the  unit  or  district  or another unit  that  collects taxes  for  the unit has  contracted with  an attorney  pur- suant to  Section 6.30  of this  code.   <u>The</u> <u>amount of  the  penalty may  not  exceed  15</u> <u>percent of the amount of taxes, penalty, and</u> <u>interest due</u>.
>
>     .  .  .  .
>
> (c)   If a penalty is imposed pursuant  to this section, a taxing unit may not  recover attorney's  fees  in  a  suit  to  collect delinquent taxes  subject  to  the  penalty. (Emphasis added.)

Tax Code §33.07.

Mr. Stubblefield informs  us that some  attorneys who have applied to  collect delinquent  taxes for  Williamson County have proposed  that the county  impose the full  15 percent penalty under section  33.07 of the Tax  Code, but compensate them only at the rate of 12.5 percent, with the county retaining 2.5 percent  to defray  its own costs  of

collecting the delinquent taxes. You both ask whether the penalty imposed and collected under section 33.07 may be used to defray the taxing unit's costs of collecting delinquent taxes, or whether the penalty may only be used to compensate the attorney who contracts to collect delinquent taxes pursuant to section 6.30 of the Tax Code. The answer to your question depends on whether "costs of collection" in section 33.07 refers only to the cost of contracting with an attorney pursuant to section 33.07, or whether it includes costs incurred by the county.

Before addressing your specific question, we point out that the 15 percent figure represents the maximum penalty that may be imposed by a taxing unit. A taxing unit may impose a section 33.07 penalty of a lesser percentage. In addition, the taxing unit may change the amount of penalty from year to year, if it does so "in the manner required by law for official action by the body. . . ." Tax Code §33.07(a). Thus, by referring in this draft to the "15 percent penalty," we do not intend to negate the taxing unit's power to set an amount less than 15 percent and to change the amount of penalty from year to year.

Turning to your question, we will first examine former statutory provisions, to establish some of the circumstances under which section 33.07 of the Tax Code was enacted. See Gov't Code §311.023 (construction of statutes in a code). The provisions you inquire about are found in the Property Tax Code, which was adopted in 1979 and codified as Title I of the Tax Code. Tax Code §1.01; see Acts 1979, 66th Leg., ch. 841. Section 33.07 was added to the Property Tax Code in 1981, in a bill which adopted a series of amendments to the Property Tax Code. See H.B. No. 30, Acts 1981, 67th Leg., 1st C.S., ch. 13, at 168.

Before the Property Tax Code was adopted, former article 7335, V.T.C.S., authorized the commissioners court to contract with a private attorney

> to enforce or assist in the enforcement or
> the collection of any delinquent State
> and county taxes for a percent on the
> taxes, penalty and interest actually
> collected. . . .

Acts 1923, 38th Leg., 2d C.S., ch. 13, at 37; Acts 1923, 38th Leg., 3d C.S., ch. 21, at 182. Former article 7335a, V.T.C.S., provided that the compensation under a contract

to collect delinquent taxes could not be more than 15 percent of the amount collected. Acts 1930, 41st Leg., 4th C.S., ch. 8, at 9. These provisions also applied to school districts. Bell v. Mansfield Independent School District, 129 S.W.2d 629 (Tex. 1939). Articles 7335 and 7335a, V.T.C.S., were revised and recodified as subsections 6.30(c) through 6.30(e) of the Tax Code, and the total compensation payable to the attorney under the contract was increased, so that it now "may not exceed 20 percent of the amount of delinquent tax, penalty, and interest collected." Under former law, there was no requirement that the compensation be paid from delinquent tax collections. Morrison v. Lane, 157 S.W.2d 466 (Tex. Civ. App. - Beaumont 1941, no writ); see generally Attorney General Opinion MW-217 (1980). The county had to provide in its budget for the contract attorney's compensation. Morrison v. Lane, supra.

Fifteen percent of the amount collected constituted an absolute limit on the amount that could be paid to an attorney under contract pursuant to former articles 7335 and 7335a, V.T.C.S. Attorney General Opinion O-4004 (1941) concluded that the attorney contracting with a school district could not make claims in excess of the 15 percent limit to pay for stationery, stamps, and other similar items used in collecting delinquent taxes. The opinion stated as follows:

> It is manifest that unless the school district pays for the stationery, stamps, etc., the tax attorney must provide such items. It is also manifest that if the tax attorney receives 15% of the amount collected plus a payment for the above mentioned items he will receive more than 15% of the amount collected, the maximum amount allowed by law.

Attorney General Opinion O-4004 (1941).

Thus, at the time section 33.07 of the Tax Code was adopted, no particular source of funds was designated to pay the private attorney's compensation under section 6.30 of the Tax Code. The legislature was, moreover, presumably aware that compensation for the attorney might include payment for his expenditures for supplies and other items which could not strictly speaking be described as attorney fees. See Attorney General Opinion O-4004 (1941).

Section 33.07 of the Tax Code provides for

> an additional penalty to defray costs of
> collection, if the unit or district or
> another unit that collects taxes for the
> unit has contracted with an attorney
> pursuant to Section 6.30 of this code.
> (Emphasis added.)

Tax Code §33.07(a).   This penalty provides funds to pay some or all of the attorney's compensation under a section 6.30 contract.   The additional penalty may be imposed upon a delinquent taxpayer only if the taxes are going to be collected by a private attorney pursuant to section 6.30 of the code.   This condition for imposing the additional penalty suggests that funds realized from collecting it must be applied to payment of the attorney's compensation.

This reading of section 33.07(a) is supported by subsection (c) of that statute, which provides as follows:

> If a penalty is imposed pursuant to this
> section, a taxing unit may not recover
> attorney's fees in a suit to collect
> delinquent taxes subject to the penalty.

Tax Code, §33.07(c).  The section 33.07 penalty may be seen as a substitute for court-ordered attorney fees, with the advantage that the taxing unit determines the amount of penalty up to the 15 percent maximum, and that the penalty can be collected even if the case does not go to court.   See, e.g., Tax Code §33.48(a)(4) (reasonable attorney's fees approved by the court).

Section 33.48 of the Tax Code provides for the costs and expenses that a taxing unit may recover in a suit to collect a delinquent tax:

> (a)   In addition to other costs authorized
> by law, a taxing unit is entitled to recover
> the following costs and expenses in a suit to
> collect a delinquent tax:
>
> (1)   all usual court costs, including
> the cost of serving process;
>
> (2)   expenses of foreclosure sale;
>
> (3) reasonable expenses, subject to
> approval by the court, that are incurred by

> the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due; and
>
> (4) <u>reasonable attorney's fees approved by the court and not exceeding 15 percent of the total amount of taxes, penalties, and interest adjudged due the unit</u>.
>
> . . . .
>
> (c) Fees collected for attorneys and other officials are fees of office, <u>except that fees for contract attorneys representing a taxing unit that is joined or intervenes shall be applied toward the compensation due the attorney under the contract</u>.   (Emphasis added.)

Tax Code §33.48. The attorney's fees authorized by subsection (a)(4) of section 33.48 may not be recovered if the taxing unit imposes a penalty pursuant to section 33.07 of the code. Subsection (c) of section 33.48 provides that fees for contract attorneys shall be applied toward the contractual compensation rather than supplementing it. <u>See generally</u> Attorney General Opinion MW-67 (1979) (contract entered into under former article 7335 and 7335a, V.T.C.S., does not permit contract attorney to receive attorney fees in connection with motion to compel answers to interrogatories). The provisions of section 33.48 support the view that there is an equivalence of purpose between the section 33.07 penalty, court-ordered attorney fees, and compensation payable to the private attorney under a section 6.30 contract.

There is support in the legislative history of section 33.07 that the penalty it authorizes is to be allocated only to the compensation payable to an attorney under a section 6.30 contract. The fiscal note to House Bill No. 30 of the 67th Legislature, First Called Session, stated as follows:

> Some increase in revenue to taxing units would result from the increase in penalty and interest rates on delinquent taxes and from allowing the taxing unit to impose additional penalty on delinquent taxes of up to 15% <u>for attorney's fees</u>, if delinquent on

July 1 and if the unit has contracted with a delinquent tax attorney.

Fiscal Note on file in Legislative Reference Library for H.B. No. 30, 67th Leg., 1st C.S. (July 17, 1981). This document refers to the section 33.07 penalty as being imposed "for attorney's fees," thus supporting the view that the penalty is applied solely to compensate the contracting attorney.

A Texas court, in considering whether taxpayers could bring a class action to recover section 33.07 penalties which they had paid, repeatedly referred to the section 33.07 penalties as "attorney fees," and "attorney fee charges." See <u>Salvaggio v. Houston Independent School District</u>, 709 S.W.2d 306 (Tex. App. - Houston [14th Dist.] 1986, writ dism'd). For example, the court in <u>Salvaggio</u> characterized the penalty as "§33.07 attorney fee charges imposed to cover the collection of the delinquent taxes." 709 S.W.2d at 308. The court thus assumed that the penalty was allocated to the contract attorney's costs of collection. Even though the court was not addressing the issue before us, its assumption as to the use of the section 33.07 penalties demonstrates the reasonableness of construing "costs of collection" to refer to the cost of having a private attorney collect delinquent taxes.

We conclude that the penalty imposed and collected under section 33.07 of the Tax Code may not be spent to defray costs of collection incurred by a taxing unit itself. The penalty payments must go to compensating the attorney with whom the taxing unit has contracted to collect its delinquent taxes. The taxing unit need not impose the full 15 percent penalty authorized. That figure is a maximum, and the statute does not compel a taxing unit to pay an attorney more than his services are worth. In drafting the contract, the taxing unit has the opportunity to include specific terms on the "costs of collection" which the attorney will absorb.

If a taxing unit does not contract with an attorney under section 6.30 of the Tax Code, the delinquent taxes are collected by the attorney who ordinarily represents it, and the taxing unit has to pay for all costs of tax collection. Section 33.07 of the code permits the taxing unit to shift to the delinquent taxpayer the cost of compensating the outside attorney with whom it contracts. We have found no evidence that the legislature also intended the delinquent taxpayer to absorb the taxing unit's collection costs over and above the attorney's

compensation under a section 6.30 contract. Statutes imposing penalties are to be strictly construed. Hatch v. Davis, 621 S.W.2d 443 (Tex. App. - Corpus Christi 1981, writ ref'd n.r.e.); see Attorney General Opinion JM-285 (1984) (discussing applicabilty of section 33.07 penalty). Accordingly, we advise you that the penalty imposed and collected under section 33.07 of the Tax Code may not be used to defray the taxing units' costs of collecting delinquent taxes.

## S U M M A R Y

Pursuant to section 33.07 of the Tax Code, a taxing unit that has contracted with an attorney to collect delinquent taxes under section 6.30 of the Tax Code is authorized to impose a penalty not to exceed 15 percent against delinquent taxpayers to cover the attorney's compensation. The taxing unit may not apply any part of the penalties collected under section 33.07 to any additional costs of collection which it incurs but must use all of the assessed penalties solely to compensate the attorney with whom it contracted.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General